# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Oct 06, 2021
s/ DarylOlszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Duplex located at 3720/3722 Clairmont Street, Racine, WI and all areas accessible to each of the units, including the attic and any basement or crawl space area associated with the residence, as well as any common space jointly shared. | Case No. 21 MJ 172 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the __Eastern__ District of __Wisconsin__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 111(a) and (b) and 924(c). | Assault on a federal law enforcement officer and use, carrying, and discharge of a firearm during a crime of violence. |

The application is based on these facts:

See attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

FBI Special Agent Mary Davidson
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ *(specify reliable electronic means)*.

Date: October 6, 2021

*Judge's signature*

City and state: Milwaukee, WI

Hon. William E. Duffin
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, MARY DAVIDSON, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to search 3720/3722 Clairmont Street, Racine, Wisconsin, ("the Premises") which is described in Attachment A, for evidence of violations of 18 U.S.C. §§ 111(a) and (b) (Assault on a federal law enforcement officer) and 924(c) (discharge of a firearm during a crime of violence), which is further described in Attachment B.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since May 2019. Since then, I have been assigned to the Milwaukee FBI Violent Crime Task Force. I have participated in numerous violent crime, armed bank robbery, and armed commercial robbery investigations in violation of Title 21, United States Code, Sections 924(c), 1951, 1956, 1957, 2113, and other related offenses. I have also been involved in shooting investigations. I have employed a wide variety of investigative techniques in these and other investigations, including but not limited to, search warrants, surveillance, interrogations, public records, DNA collection, and traffic stops. I have also received formal training regarding the same.

3. The facts in this affidavit come from my personal observations, training, experience, and/or information obtained from other law enforcement officers and/or witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 111(a) and (b) (Assault on a federal agent with a dangerous weapon)

and 924(c) (discharge of a firearm during a crime of violence) have been committed by Cody J. Herman (DOB XX/XX/1985) from the Premises. There is also probable cause to believe that evidence of those violations will be found at the Premises.

## PROBABLE CAUSE

5. On October 6, 2021, at approximately 6:45 a.m., law enforcement officers from the United States Marshals Service Task Force went to the duplex located at the Premises to execute an arrest warrant for Cody J. Herman (DOB XX/XX/1985), for charges of Substantial Battery – Intend Bodily Harm, Battery, 2nd Degree Recklessly Endangering Safety, and Stalking filed in Racine County Circuit Court. Herman is also on state supervision. During the knock and announce at the Premises, one or more shots were fired from the Premises striking J.H, a federal law enforcement officer, in the shoulder. The shots came from the south unit of the residence, which has the address of 3722 Clairmont Street, and is the address associated with Herman. The Premises is a side-by-side duplex. Herman's mother resides in the north unit of the residence, 3720 Clairmont Street.

6. Law enforcement officers immediately established a perimeter around the Premises and the subject who fired shots at J.H. is currently within the south unit, 3722 Clairmont Street. A law enforcement negotiator is on scene.

7. Shortly after the shooting, an adult female exited the north unit, 3720 Clairmont, and was identified as Herman's mother. She reported that Herman is the subject barricaded in 3722 Clairmont Street and a child, approximately 10-years-old, is also within the residence with Herman. Herman's mother also reported that, at that time, at least one adult and two 13-year-olds were barricaded within the north unit, 3720 Clairmont Street. Officers ordered those individuals out of the residence, but they initially refused to leave.

8. Herman's girlfriend, A.B., also exited one of the units and reported that she heard the shots and last saw Herman in the basement of 3722 Clairmont Street.

9. A.B. has been staying at 3722 Clairmont Street with Herman for approximately one week. Her daughter, a 13-year-old, and Herman's son, a 10-year-old, were also staying at the residence. They were asleep in a bedroom when they heard pounding on the front door this morning. They knew it was the police. Herman walked toward the front door with his firearm. He then went back to the bedroom to get dressed and they realized that the house was surrounded by police. Herman then used a lot of cocaine and asked A.B. to kill him. She refused. She went to the front door, to leave, and he followed her and told her she could not leave. He then fired a round through the front door, striking J.H. Herman then stated he wanted to kill himself. Herman went into the basement. A.B. heard one gun shot. When she went into the basement, she saw Herman slumped over. She did not observe any blood. A.B. and her 13-year-old daughter exited the residence. As of 9:45 a.m., Herman's 10-year-old son was still in the residence, along with Herman and the individuals in the 3720 Clairmont side of the duplex.

10. As of 10:17 a.m., everyone but Herman had exited the two units, including Herman's 10-year-old son.

11. Based upon the interviews of A.B. and Herman's mother, law enforcement is aware that there is an attic that connects the side-by-side units of the duplex and there is also a small space in the basement that connects the units.

12. J.H. was taken to the hospital and is in stable condition.

## **CONCLUSION**

13. I submit that this affidavit supports probable cause for a search warrant "the Premises" described in Attachment A to seek the items described in Attachment B.

<u>Attachment A</u>

**PROPERTY TO BE SEARCHED/DESCRIPTION OF THE PREMISES**

**3720/3722 Clairmont Street, Racine, Wisconsin:** The residence is a single-story side-by-side two-unit duplex. The duplex is brown brick with light tan panel siding. The duplex is located on the west side of Clairmont Street and the front of the duplex faces east. There are entry doors to each unit on the front of the residence. The units share a porch. The numbers 3720 are affixed to the north unit. The property to be searched includes both units of the residence and all areas accessible to each of the units, including the attic and any basement or crawl space area associated with the residence, as well as any common space jointly shared.

BELOW IS AN IMAGE OF THE FRONT RESIDENCE:



4

Case 2:21-mj-00172-WED   Filed 10/06/21   Page 5 of 7   Document 1

## ATTACHMENT B

All physical evidence found at the location described in Attachment A that relate to violations of Title 18, United States Code, Sections 111(a) and (b), assault on a federal law enforcement officer, and 924(c), use, carrying, and discharge of a firearm during a crime of violence, to include:

1) Firearms, ammunition, and firearm accessories;

2) Drugs and/or drug paraphernalia and/or drug packaging materials;

3) Any items indicative of Herman's or others intent to harm a law enforcement officer;

4) Cellular telephones or electronic devices for any of the individuals within the Premises, to include Cody Herman, which may include communications the occupants made prior to or during the incident described above;

5) Paperwork related to pending state case or state supervision of Cody Herman;

6) Any and all of the above listed evidence stored in the form of magnetic or electronic coding on computer media or media capable of being read by a computer or with the aid of computer-related equipment, including but not limited to floppy disks, fixed hard disks, removable hard disks, tapes, laser disks, videocassettes, CD-ROM's, DVD disks, Zip disks, smart cards, memory sticks, memory calculators, personal digital assistants (PDS's), cellular telephones, and/or other media capable of storing magnetic coding, the software to operate them and related instruction manuals;

7) All electronic devices which are capable of analyzing, creating, displaying, converting or transmitting electronic or magnetic computer impulses or data. These devices include computers, computer components, computer peripherals, word processing equipment, modems, monitors, printers, plotters, encryption circuit boards, optical scanners, external hard drives, and other computer related electronic devices;

8) The search procedures of the electronic data contained in computer operating software or memory devices, whether performed on site or in a laboratory, or other controlled environment, may include the following techniques:
    a. Surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);
    b. "Opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;
    c. "Scanning" storage areas for deliberately hidden files; or

> d. Performing key word searches through all electronic storage areas to determine whether occurrences of languages contained in such storage areas exist that are intimately related to the subject matter of the investigation.

9) All indicia of occupancy, residency or ownership of the premises and things described in the warrant, including identification documents, utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, addressed envelopes, escrow documents, and keys.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.