AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means   ☑ Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin


CLERK'S OFFICE
A TRUE COPY
Oct 06, 2021
s/ DarylOlszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 21 MJ 172 |
| Duplex located at 3720/3722 Clairmont Street, Racine, WI and all areas accessible to each of the units, including the attic and any basement or crawl space area associated with the residence, as well as any common space jointly shared. | ) ) ) ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Eastern   District of   Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   October 20, 2021   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   William E. Duffin   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   October 6, 2021 11:20 AM

*William E. Duffin*
*Judge's Signature*

City and state:   Milwaukee, WI   Hon. Stephen C. Dries
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                *Executing officer's signature*

                                                *Printed name and title*

Attachment A

**PROPERTY TO BE SEARCHED/DESCRIPTION OF THE PREMISES**

**3720/3722 Clairmont Street, Racine, Wisconsin:** The residence is a single-story side-by-side two-unit duplex. The duplex is brown brick with light tan panel siding. The duplex is located on the west side of Clairmont Street and the front of the duplex faces east. There are entry doors to each unit on the front of the residence. The units share a porch. The numbers 3720 are affixed to the north unit. The property to be searched includes both units of the residence and all areas accessible to each of the units, including the attic and any basement or crawl space area associated with the residence, as well as any common space jointly shared.

BELOW IS AN IMAGE OF THE FRONT RESIDENCE:



# ATTACHMENT B

All physical evidence found at the location described in Attachment A that relate to violations of Title 18, United States Code, Sections 111(a) and (b), assault on a federal law enforcement officer, and 924(c), use, carrying, and discharge of a firearm during a crime of violence, to include:

1) Firearms, ammunition, and firearm accessories;

2) Drugs and/or drug paraphernalia and/or drug packaging materials;

3) Any items indicative of Herman's or others intent to harm a law enforcement officer;

4) Cellular telephones or electronic devices for any of the individuals within the Premises, to include Cody Herman, which may include communications the occupants made prior to or during the incident described above;

5) Paperwork related to pending state case or state supervision of Cody Herman;

6) Any and all of the above listed evidence stored in the form of magnetic or electronic coding on computer media or media capable of being read by a computer or with the aid of computer-related equipment, including but not limited to floppy disks, fixed hard disks, removable hard disks, tapes, laser disks, videocassettes, CD-ROM's, DVD disks, Zip disks, smart cards, memory sticks, memory calculators, personal digital assistants (PDS's), cellular telephones, and/or other media capable of storing magnetic coding, the software to operate them and related instruction manuals;

7) All electronic devices which are capable of analyzing, creating, displaying, converting or transmitting electronic or magnetic computer impulses or data. These devices include computers, computer components, computer peripherals, word processing equipment, modems, monitors, printers, plotters, encryption circuit boards, optical scanners, external hard drives, and other computer related electronic devices;

8) The search procedures of the electronic data contained in computer operating software or memory devices, whether performed on site or in a laboratory, or other controlled environment, may include the following techniques:
    a. Surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

b. "Opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;
   c. "Scanning" storage areas for deliberately hidden files; or
   d. Performing key word searches through all electronic storage areas to determine whether occurrences of languages contained in such storage areas exist that are intimately related to the subject matter of the investigation.

9) All indicia of occupancy, residency or ownership of the premises and things described in the warrant, including identification documents, utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, addressed envelopes, escrow documents, and keys.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.